# EXHIBIT "A"

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

Plaintiff Sean Skuro ("Plaintiff" or "Class Representative"), by and through his counsel, and Defendants BMW of North America, LLC ("BMW NA") and Agero Connected Services, Inc., formerly known as ATX Group, Inc. ("ATX") (together BMW NA and ATX are referred to herein as "Defendants"), by and through their respective counsel, hereby enter into this Settlement Agreement and Release ("Settlement Agreement"), subject to the approval of the Court, providing for the settlement of the claims herein described against Defendants (the "Settlement") and the Release set forth herein.

**WHEREAS**, Plaintiff Sean Skuro has filed a putative class action against BMW NA and ATX, currently pending in the United States District Court for the Central District of California captioned *Skuro v. BMW of North America, LLC et al,* Case No. CV 10-8672-GW (FFMx) (the "Litigation" or "Action"), asserting claims for (1) Invasion of Privacy (Cal. Penal Code section 630 *et seq.*), (2) Negligence, (3) Violation of Common Law Right of Privacy, (4) Violation of California Business and Professions Code section 17200 *et seq.* ("UCL");

**WHEREAS,** Plaintiff, BMW NA, and ATX (the "Parties") recognize that the outcome in the Litigation is uncertain and that pursuing the Litigation to judgment would entail substantial cost, risk, and delay;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Litigation and have participated in two in-person mediations and several telephonic meetings concerning the issues raised by Plaintiff in the Litigation;

**WHEREAS,** Plaintiff and his counsel have conducted an investigation and evaluation of the factual and legal issues raised by the claims asserted in the Litigation and believe that, in light of the cost, risk, and delay of continued litigation balanced against the benefits of the Settlement as set forth in this Settlement Agreement, that such settlement is in the best interests of the Class, and is fair, reasonable, and adequate;

**WHEREAS**, for purposes of this settlement only, the Parties agree to the certification of a settlement class ("Class" or "Settlement Class") generally defined as follows:

Individuals who connected to BMW Assist between October 13, 2009 and February 1, 2011 through BMW Assist subscription accounts with California billing addresses ("Class Members")

**WHEREAS**, the Parties desire to compromise and settle all issues and claims that have been or could have been brought in the Litigation by or on behalf of members of the Class;

**WHEREAS,** the Parties agree that the following persons and entities should be excluded from the Class: (1) BMW NA and ATX, their subsidiaries and affiliates,

2

officers, directors, and employees, (2) all persons and/or entities claiming to be subrogated to the rights of Class Members, (3) individuals and/or entities who validly and timely opt-out of the Settlement, (4) Class Members who previously have released their claims against BMW NA or ATX with respect to the issues raised in the Litigation, (5) individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (*i.e.* authorized BMW Centers, rental companies, or entities that purchased BMW vehicles as company vehicles), and (6) the Judge(s) and/or attorneys to whom the Litigation is or will be assigned;

**WHEREAS**, Plaintiff, by and through Class Counsel, has: (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Litigation; (b) engaged in investigation and discovery of the claims asserted in the Litigation, and (c) have evaluated and considered the law applicable to the claims asserted in the Litigation, including the defenses that BMW NA and ATX likely would assert;

**WHEREAS**, BMW NA and ATX do not believe Plaintiff's claims are meritorious and have denied and continue to deny that they are legally responsible or liable to Plaintiff or any member of the Class for any of the matters asserted in this Litigation, but have concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely all pending and potential claims of Plaintiff and all members of the Class

relating to claims which were or could have been asserted by Plaintiff and the Class in this Litigation relating to the alleged practices and claims at issue;

**WHEREAS**, Plaintiff's counsel is experienced in this type of class litigation, recognize the costs and risks of prosecution of this Litigation, and believe that it is in Plaintiff's interest and the interest of all Class Members, to resolve this Action, and any and all claims against BMW NA and ATX arising from the conduct alleged in the Action, in this Settlement Agreement;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein;

**WHEREAS**, the undersigned Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and among Plaintiff, individually and on behalf of the Class, BMW NA, and ATX;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the undersigned Parties, as follows:

## I.      DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below.  Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1)      **Action**.  "Action" shall mean the case captioned *Skuro v. BMW of North America, LLC et al,* Case No. CV 10-8672-GW (FFMx),  which also is defined herein as the "Litigation."

2)      **ATX**.  "ATX" shall mean Agero Connected Services, Inc., formerly known as ATX Group, Inc., a defendant in the Action.

3)      **ATX's Counsel**.  "ATX's Counsel" shall mean Greenberg Traurig LLP.

4)      **BMW NA**.  "BMW NA" shall mean BMW of North America, LLC, a defendant in the Action.

5)      **BMW NA's Counsel**.  "BMW NA's Counsel" shall mean Lewis Brisbois Bisgaard & Smith LLP.

6)      **Charity.**  "Charity" means Big Brother/Big Sister of America, subject to the approval of the Court..

7)      **Claim**.   "Claim" means a request for payment from the Non-Reversionary Fund.

5

8)     **Claim Form**.  "Claim Form" shall mean a form to be used by Class Members to request payment from the Non-Reversionary Fund, in the form attached hereto as Exhibit 2 as approved by the Court.

9)     **Claim Period.**  "Claim Period" shall mean the sixty (60) days following the date the Claims Administrator mails notice to the Class, during which Class Members must file a claim to receive a payment from the Non-Reversionary Fund. Claims for payment from the Non-Reversionary Fund will be paid thirty (30) days after the Effective Date.

10)    **Claims Administrator.**   "Claims Administrator" shall mean a professional settlement administration company selected by BMW and ATX and approved by the Court.

11)    **Class.**  "Class" shall mean individuals who connected to BMW Assist between October 13, 2009 and February 1, 2011 through BMW Assist subscription accounts with a California billing addresses.  Excluded from the class are (1) BMW NA and ATX, their subsidiaries and affiliates, officers, directors, and employees, (2) all persons and/or entities claiming to be subrogated to the rights of Class Members, (3) individuals and/or entities who validly and timely opt-out of the Settlement, (4) Class Members who previously have released their claims against BMW NA or ATX with respect to the issues raised in the Litigation, (5) individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (*i.e.*

6

authorized BMW Centers, rental companies, or entities that purchased BMW vehicles as company vehicles), and (6) the Judge(s) and/or attorneys to whom the Litigation is or will be assigned.

12) **Class Counsel**. "Class Counsel" shall mean Gaines & Gaines, APLC.

13) **Class Counsel Fees and Expenses**. "Class Counsel Fees and Expenses" shall mean Class Counsel's reasonable attorneys' fees and expenses, which are subject to approval of the Court.

14) **Class Members**. "Class Members" are persons included in the definition of the Class and who do not opt-out of the Proposed Settlement Class.

15) **Class Notice**. "Class Notice" shall mean the Court-approved form of notice to the Class, in the form attached hereto as Exhibit 1 as approved by the Court, informing the Class of, among other things, (i) the preliminary approval of the Settlement; (ii) the scheduling of the Final Approval Hearing; (iii) their opportunity to comment on or object to, or exclude themselves from, the Settlement; and (iv) their opportunity to obtain benefits under the Settlement

16) **Class Representative**. "Class Representative" shall mean Plaintiff Sean Skuro.

17) **Court**. "Court" shall mean the United States District Court for the Central District of California, the Honorable George H. Wu, or his duly appointed successor.

18)   **Defendants**.  "Defendants" means both BMW NA and ATX.  With respect to BMW NA, "Defendants" also includes BMW (US) Holding, Bayerische Motoren Werke Aktiengesellschaft (BMW AG), all BMW AG subsidiaries and related entities, BMW Financial Services, LLC and every entity involved in the design, development, manufacture, sale, lease or distribution of the Class Vehicles, and the foregoing entities' past and present officers, directors, employees, agents assigns, insurers, attorneys, shareholders, predecessors and successors in interest and all persons, agencies and entities acting by, through, under or in concert with any of them.  With respect to ATX, "Defendants" also includes its past and present related and affiliated entities, parents, subsidiaries predecessors in interest and successors, and its and their respective past and present employees, assigns, agents, officers, directors, consultants, fiduciaries, representatives, insurers, partners, owners, attorneys, and all persons, agencies, and entities acting by, through, under or in concert with any of them.

19)   **Effective Date**.  "Effective Date" shall mean the date thirty-one (31) days following the entry of the Final Approval Order, unless one or more appeals from the Final Approval Order are filed, in which case it shall mean the date on which all appeals from the Final Approval Order are finally decided, terminated, withdrawn or dismissed.

20)   **Final Approval Hearing**.  "Final Approval Hearing" shall mean the hearing at  which the Court will consider and finally decide whether to enter the Final Approval Order, as set by the Court.

21)   **Final Approval Order**.  "Final Approval Order" shall mean the order of the Court that approves this Settlement Agreement and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of an Incentive Award and Class Counsel's Fees and Expenses, and which shall be mutually prepared and agreed upon by the Parties.

22)   **Incentive Award**.   "Incentive Award" shall mean $10,000, which Defendants will pay to the Class Representative, separate and apart from the Non-Reversionary Fund, to compensate him for his time and efforts on behalf of the Class, subject to approval of the Court.

23)   **Litigation**.  "Litigation" shall mean the Action as defined above.

24)   **Non-Reversionary Fund.**   "Non-Reversionary Fund" means the fund to be established by Defendants for $300,000, and which will be available to Class Members who decline or who do not have the option for the Service Benefit, and that will be used to pay claims by the Class on a pro rata basis of up to $50 per Class Member, with any remaining amounts distributed to Charity.

25)   **Objection Deadline**.  "Objection Deadline" shall mean the date one hundred thirty-four (134) days after the Court enters the Preliminary Approval Order,

or as otherwise ordered by the Court, no later than which  members of the Class may comment on or object to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

26) **Parties**.  "Parties" shall mean the Plaintiff, BMW NA, and ATX collectively.

27) **Plaintiff**.  "Plaintiff" shall mean the Class Representative as defined above.

28) **Preliminary Approval Order**.  "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Settlement Agreement, which shall be mutually prepared and agreed upon by the Parties.

29) **Reminder Notice**.  "Reminder Notice" shall mean the e-mail notice, in the form attached hereto as Exhibit 4, which shall be sent by e-mail by the Claims Administrator to all Class Members for whom Defendants have an e-mail address on file, excluding those who have previously submitted a Claim.  The Reminder Notice shall be e-mailed five (5) days after the Effective Date.  If the Enrollment Period has ended at the time the Reminder Notice is to be e-mailed, the Reminder Notice will only be e-mailed to Class Members who have submitted a Subscription Agreement Addendum and any text of the Reminder Notice referencing additional time to submit a Subscription Agreement Addendum shall be stricken.  Class Counsel shall bear all expenses incurred in providing the Reminder Notice to Class Members.  However, all

such expenses may be part of the request for reimbursement of litigation expenses, as provided in paragraph IX(A)-(B) herein.

30)     **Request for Exclusion**.  "Request for Exclusion" shall mean a request by any Class Member for exclusion from the Settlement.

31)     **Service Benefit.**  "Service Benefit" means either a 6-month upgrade to the BMW Assist "convenience plan" (for Class Members who currently have a active basic safety plan on their BMW vehicle), or a 6-month extension to the BMW Assist basic safety plan (for Class Members who currently have an active basic Safety Plan on their BMW vehicle, or Class Members who have no BMW Assist Service on their BMW vehicle).

32)     **Settlement**.  "Settlement" shall mean the agreement by the Parties to resolve this Litigation, the terms of which have been memorialized and provided for in this Settlement Agreement.

33)     **Settlement Agreement**.  "Settlement Agreement" shall mean this Settlement Agreement and Release.

34)     **Settlement Class Members**.  "Settlement Class Members" shall have the same meaning as Class Members.

35)     **Subscription Agreement Addendum.**  "Subscription Agreement Addendum" shall mean the agreement, in the form attached hereto as Exhibit 3 as approved by the Court, accessible both online through the settlement website and in

paper form as part of the notice of settlement described herein, that Class Members must sign and return within one hundred fifty (150) days after the class notice is mailed to Class Members by the Claims Administrator ("Enrollment Period") to activate the Service Benefit under the Settlement.  Class Members will not receive the Service Benefit if a signed Subscription Agreement Addendum is not returned within the Enrollment Period.

## II.   <u>REQUIRED EVENTS</u>

Promptly after execution of this Settlement Agreement by all Parties:

A.    Class Counsel and Defendants' Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order.

B.    In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, this Settlement Agreement is voidable by any party.  However, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

C.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and

deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

      D.     Upon Entry of the Final Approval Order, this Action shall be dismissed, on its merits and with prejudice, subject to the continuing jurisdiction of the Court. The Final Approval Order also will enjoin the prosecution of any litigation or class action related to the Released Claims (as defined herein) by or on behalf of any member of the Class (other than individuals who timely and properly request exclusion from the Class).

## III.    SETTLEMENT TERMS

      A.     <u>Benefit To Class Members Who Own or Lease a BMW Vehicle as of the Effective Date and Have the BMW Assist Safety Plan as of the Effective Date</u>:

      (1)    Service Benefit in the form of either a 6-month upgrade to the BMW Assist "convenience plan" or a 6-month extension to the BMW Assist basic safety plan.  To receive the Service Benefit, Class Members must enter into a Subscription Agreement Addendum within the Enrollment Period; OR

      (2)    Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the

Claim Period. Claims for payment from the Non-Reversionary Fund will be paid thirty-five (35) days after the expiration of the Claim Period or thirty (30) day after the Effective Date, whichever occurs later.

B.    <u>Benefit To Class Members Who Own or Lease a BMW Vehicle as of the Effective Date and Do Not Have BMW Assist Services as of the Effective Date:</u>

(1)    Service Benefit in the form of 6- month enrollment in the BMW Assist basic safety plan (with costs of re-provisioning vehicle, if any, to be paid by claimant). To receive the Service Benefit, Class Members must enter into a Subscription Agreement Addendum within the Enrollment Period; OR

(2)    Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the Claim Period. Claims for payment from the Non-Reversionary Fund will be paid within thirty-five (35) days after the expiration of the Claim Period or thirty (30) days after the Effective Date, whichever occurs later.

C.    <u>Benefit To Class Members Who No Longer Own or Lease a BMW Vehicle as of the Effective Date:</u>

14

(1)    Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the Claim Period.  Claims for payment from the Non-Reversionary Fund will be paid within thirty-five (35) days after the expiration of the Claim Period or thirty (30) days after the Effective Date, whichever occurs later.

D.    <u>Injunctive Relief:</u>  For the BMW Assist program in California, a disclosure will be provided prior to recording or monitoring of calls with BMW vehicles that have a California billing address on file for the subscriber, provided that no clarification to the contrary is made available by the State (administrative, judicial or statutory) to Cal. Penal Code section 630 *et seq.* or similar laws.

E.    <u>Transfer of Service Benefit To Other BMW Vehicle</u>**:**  If the Service Benefit is selected, it may be transferred on a one time basis prior to the initiation of the service upgrade/extension under the Settlement to another car that has access to the BMW Assist program, provided the transfer is to a BMW vehicle within the same household, with claimant to be responsible for any costs related to re-provisioning the vehicle.

F.    <u>Method For Obtaining Settlement Benefits:</u>  After the Effective Date, the Service Benefit will activated on all class vehicles within a reasonable period

after receipt of a completed and executed Subscription Agreement Addendum by the Class Member.  No Claim Form need be submitted to obtain a Service Benefit.  The Class Member may opt for a cash payment of up to $50 from the Non-Reversionary Fund instead of receiving a Service Benefit by returning a Claim Form that will be included in the notice of settlement directed to the class after preliminary approval.

## IV.    <u>NOTICE AND RELATED PROVISIONS</u>

A.    <u>Mailed Notice</u>:  Within sixty (60) days of the Court's entry of a Preliminary Approval Order, Defendants will  provide notice of this Settlement by first class mail to all known Class Members.  Notice will be given based on contact information contained within Defendant ATX's consumer data for the BMW Assist program.

B.    <u>Settlement Website</u>:  Defendants will require that the Claims Administrator maintain (either directly or through a contracted service provider) a website that will contain: (1) instructions on how to file a Claim for payment from the Non-Reversionary Fund; (2) a Claim Form ; (3) instructions on how to contact Defendants or Class Counsel for assistance; (4) a copy of the class notice and the Settlement Agreement; (5) a Subscription Agreement Addendum; and (6) other information the parties mutually agree is relevant for dissemination to Class Members regarding the proposed settlement.

C.     The Parties agree that any publications (through websites, website postings, chat rooms, media interviews, etc.) or any other communications by the parties regarding this Settlement will be consistent with the Settlement Agreement, Class Notice, Claim Form, Preliminary Approval Order, Final Approval Order, and that any press release must be mutually prepared and agreed upon by the Parties. Nothing in this paragraph shall limit (1) Class Counsel's ability to communicate with Class Representatives, putative Class Members, or the Court, and (2) Defendants' ability to communicate with current customers of the BMW Assist Service in the ordinary course of business, or with the Court.

D.     <u>Proof of Notice</u>.  No later than ten (10) days prior to the Final Approval Hearing, Defendants jointly and the Claims Administrator shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

E.     All costs of the Claims Administrator and Class Notice will be paid by Defendants, separate and apart from the Non-Reversionary Fund.  A link to the settlement website may be placed on the website for class counsel, at no cost to Defendants.

\\

\\

## V.   CLAIMS ADMINISTRATOR

A.   Defendants agree to employ a qualified Claims Administrator to administer Claims and to collect and process signed Subscription Agreement Addendums.  Defendants' selection of a Claims Administrator shall be subject to the approval of the Court.

B.   The Claims Administrator will be responsible for implementing and administering Claims for payment from the Non-Reversionary Fund by Class Members, including, but not limited to, the following tasks:

(1)   Receive and conduct an initial validation screening of Claims to determine timeliness of submission, completeness of the Claim, and eligibility for payment;

(2)   At the conclusion of the Claims Period, supplying to Defendants the name and contact information of Class Members who elected to receive payment from the Non-Reversionary Fund, and for processing such payments.

## VI.   REQUESTS FOR EXCLUSION BY CLASS MEMBERS

A.   The provisions of this paragraph shall apply to any Request for Exclusion.  Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Claims Administrator at the address set forth in the Class Notice.  Any Request for Exclusion must be postmarked or delivered not

later than sixty (60) days following the date the Claims Administrator mails notice to the Class.  To be valid, the Request for Exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of his/her/its Class Vehicle(s), and (iii) specifically and clearly state his or her desire to be excluded from the Settlement and from the Class.  Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

B.      Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.      Class Counsel shall report the names of all individuals who have submitted a Request for Exclusion to the Court no less than ten (10) days prior to the Final Approval Hearing.

## VII.   OBJECTIONS BY SETTLEMENT CLASS MEMBERS

A.      The Parties will request that the Court enter an order requiring any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection by the Objection Deadline, as well as a notice of intention to appear at the Final Approval Hearing.  To state a valid objection to the Settlement, an objecting Class Member must provide the following information in his of her written objection: (i) full name,

current address, and current telephone number; (ii) the model year of the Class Vehicle(s), as well as the Class Vehicle's VIN (if applicable); (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iv) provide copies of any other documents that the objector wishes to submit in support of his/her/its position.  In addition, any Class Member objecting to the Settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal or otherwise, in the United States in the previous five (5) years.  If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she shall affirmatively so state in the written materials provided in connection with the objection to this Settlement.  Finally, subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses.  The objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice and the Claims Administrator, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") no later than the Objection Deadline  or any other date that may be set forth in the Class

Notice.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Fairness Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement Agreement and the Class Notice, subject to approval by the Court, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.  The filing of an objection allows Class Counsel or Defendants' Counsel to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

B.     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members.  The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to file such notice of objection or request to be heard with the Court, and serve by mail or hand delivery such notice of objection or request to be heard upon Class Counsel, Defendants' Counsel, and the Claims Administrator, at the addresses set forth in the Class Notice, by no later than the Objection Deadline.  The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above, may not be heard during the Final Approval Hearing, their objections may be waived and their objections may not be considered by the Court, at the Court's discretion.

C.     Class Counsel and Defendants may respond to any objections ten (10) days after the Objection Deadline or ten (10) days prior to the Final Approval Hearing, whichever occurs later.

D.     In the event of an appeal from any order of the Court granting final approval, Class Counsel agrees that they will be solely responsible for defending the

Court's final approval order on appeal at their own cost. Defendants will join and/or not oppose Class Counsel's defense of the final approval order. If the appeal or any portion of the appeal relates to the Court's order approving Class Counsel's attorney's fees and/or costs, it will be up to Defendants' discretion whether to join, oppose, or abstain from such appeals. Any fees and costs incurred by Class Counsel in such appeals are the sole responsibility of Class Counsel. Class Counsel may not seek to recover such fees and costs from Defendants.

## VIII. RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.      By this Settlement Agreement and the following Release, Defendants are released from any and all known and unknown claims or causes of action that were, or could have been, asserted by the Plaintiff or any Class Members against them, based upon the facts and claims alleged in the Action (the "Released Claims"). While the Release given by this Settlement Agreement is not a general release, Plaintiff and Class Members expressly waive and relinquish to the fullest extent permitted by law, the rights provided by Section 1542 of the California Civil Code with respect to the Released Claims, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which if known by him must have materially affected his**

**settlement with the debtor.**

Plaintiff and the Settlement Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and accompanying Judgment, Plaintiff and the Settlement Class Members fully, finally, and forever settle and release any and all of the Released Claims.  The Parties acknowledge that the foregoing waiver and release was bargained for and is a material element of the Settlement Agreement.

      B.    This Settlement Agreement and Release does not affect the rights of Class Members who timely and properly request exclusion from the Settlement Agreement.  The Settlement Agreement and Release does not release claims for personal injury, property damage, or claims for subrogation.

      C.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release.  The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are

released pursuant to the Settlement Agreement and allowing for discovery related to objecting persons.

D.   Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the terms and provisions hereof; (ii) Defendants shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Litigation except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against Defendants.

## IX.   ADMINISTRATION, ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE AWARD

A.   All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendants, separate and apart from the Non-Reversionary Fund, and subject to the limitations contained herein and approval of the Court.

B.   Defendants shall pay, separate and apart from the Non-Reversionary Fund, and subject to the Court's approval, Class Counsel's Fees and Expenses. Defendants shall not object to or otherwise oppose Class Counsel's application for attorneys' fees if the request does not exceed $550,000, and Defendants shall not

object to or otherwise oppose Class Counsel's application for reimbursement of documented litigation expenses if the request does not exceed $15,000. Class Counsel's application for attorneys' fees and reimbursement of litigation expenses (together with Plaintiff's motion for final approval of the Settlement and Plaintiff's request for an Incentive Award) shall be filed with the Court and posted to the settlement website no later than one hundred twenty-seven (127) days after the Court enters the Preliminary Approval Order, or as otherwise ordered by the Court. Class Counsel's Fees and Expenses as approved by the Court shall be paid to Class Counsel within fourteen (14) days after the Effective Date provided required documentation, such as W-9 forms, timely are provided to Defendants.

C.     The Class Representative shall be paid a reasonable Incentive Award by Defendants separate and apart from the Non-Reversionary Fund, in an amount set by the Court not to exceed $10,000. If Plaintiff requests an Incentive Award of $10,000 or less, Defendants shall not object to or otherwise oppose the request. Such award (or the award amount approved by the Court (if different)) shall be paid by check and delivered to Class Counsel as agreed upon by the Parties within fourteen (14) days after the Effective Date provided required documentation, such as W-9 forms, timely are provided to Defendants.

\\

\\

**X.    REPRESENTATIONS, WARRANTIES AND COVENANTS**

A.    Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and constitutes their legal, valid and binding obligation.

B.    Defendants, through their undersigned attorneys, represent and warrant that they has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery and performance by Defendants of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendants.  This Settlement Agreement has been duly and validly executed and delivered by Defendants and constitutes its legal, valid, and binding obligation.

**XI.   MISCELLANEOUS PROVISIONS**

A.    This Settlement Agreement is  not to be used in evidence and shall not at any time be construed or deemed to be any admission or concession by Defendants with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein.  Defendants specifically deny all of the

allegations made in connection with the Litigation.   Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Defendants, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Litigation, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement.   This Settlement Agreement also is made with the Parties' express understanding and agreement that (a) under applicable laws, it is appropriate that a class be certified for settlement purposes only (i.e., without needing to satisfy fully the standard required for certification of the matter for litigation purposes); (b) Defendants contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction, other than for the purposes of this Settlement Agreement; and (c) notwithstanding any other provisions of this Settlement Agreement, all actions and proceedings pursuant to it shall be consistent with the foregoing.   This provision shall survive the expiration or voiding of the Settlement Agreement.

B.     This Settlement Agreement is entered into only for purposes of Settlement.   In the event that the Final Approval Order is not entered or a Final Approval Order is subsequently reversed by an appeal, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation,

documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

C.     The Parties agree that Defendants may withdraw from or terminate this Settlement Agreement prior to the Final Approval Hearing if more than five percent (5%) of Class Members have submitted valid and timely Requests for Exclusion.  For purposes of determining whether the conditions for withdrawal or termination of the Settlement Agreement have occurred, copies of all Requests for Exclusion timely received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendants' Counsel within three (3) days of receipt by Class Counsel, but, in no event, later than ten (10) Court days before the Final Approval Hearing.  Defendants must elect to withdraw from or terminate this Settlement Agreement no later than five (5) business days after receipt.  In the event of a withdrawal from this Settlement Agreement in accordance with the terms of this paragraph, this Settlement Agreement shall become null and void and of no further force and effect.

D.     The Class Counsel Fees and Expenses, as awarded by the Court, shall be paid in accordance with the terms set forth in paragraph IX(A) of the Settlement

Agreement within fourteen (14) days after the Effective Date of the Settlement Agreement.

E.     The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

F.     This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

G.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

H.     This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

I.     Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her or its own costs of the Litigation.

J.     The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as

well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

K.      Proper notice shall be given to Plaintiff and Defendants of all applications for Court approval or Court orders required under this Settlement Agreement.

L.      The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

M.      This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement of the Litigation.

N.      The Parties agree that any disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in

which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

O.    Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

P.    All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

> Class Counsel:
> Kenneth S. Gaines
> Daniel F. Gaines
> Alex Katofsky
> Gaines & Gaines, PLC
> 21550 Oxnard Street, Suite 980
> Woodland Hills, CA 91367
> Telephone: 818.703.8985
> Email: ken@gaineslawfirm.com, daniel@gaineslawfirm.com,
>          alex@gaineslawfirm.com
>
> BMW NA's Counsel:
>
> Roy M. Brisbois
> Eric Y. Kizirian
> Lewis Brisbois Bisgaard and Smith LLP
> 221 N. Figueroa Street, Suite 1200
> Los Angeles, CA 90012
> Telephone: 213.250.1800
> Facsimile: 213.250.7900
> Email: brisbois@lbbslaw.com or kizirian@lbbslaw.com

<u>ATX's Counsel:</u>

Jeffrey J. Lokey
Greenberg Traurig LLP
1900 University Avenue, Suite 1900
Palo Alto, CA 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
Email: lokeyj@gtlaw.com

**IN WITNESS WHEREOF**, Plaintiffs, BMW, and ATX, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: _1/24/12_ _____
Plaintiff Sean Skuro

Dated: _1/24/12_ _____
Kenneth S. Gaines
Daniel F. Gaines
Alex Katofsky
**GAINES & GAINES, APLC**
Attorneys for Plaintiff Sean Skuro
and the Proposed Class

**[ADDITIONAL SIGNATURES ON NEXT PAGE]**

//
//
//
//
//
//
//

33

Dated: _1/24/12_

Defendant BMW of North America, LLC
By: _____
Its: _ASSISTANT SECRETARY_

Dated: _____

Roy M. Brisbois
Eric Y. Kizirian
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendant BMW of North America, LLC

Dated: _____

Defendant Agero Connected Services, Inc.
f/k/a ATX Group, Inc.
By: _____
Its: _____

Dated: _____

Jeffrey J. Lokey
**GREENBERG TRAURIG LLP**
Attorneys for Defendant Agero Connected
Services, Inc. f/k/a ATX Group, Inc.

34

Dated: _____        _____
                              Defendant BMW of North America, LLC
                              By: _____
                              Its: _____


Dated: ____1/24/2012_____   _____
                              Roy M. Brisbois
                              Eric Y. Kizirian
                              **LEWIS BRISBOIS BISGAARD & SMITH
                              LLP**
                              Attorneys for Defendant BMW of North
                              America, LLC


Dated: _____        _____
                              Defendant Agero Connected Services, Inc.
                              f/k/a ATX Group, Inc.
                              By: _____
                              Its: _____


Dated: _____        _____
                              Jeffrey J. Lokey
                              **GREENBERG TRAURIG LLP**
                              Attorneys for Defendant Agero Connected
                              Services, Inc. f/k/a ATX Group, Inc.

34

Dated: _____

_____
Defendant BMW of North America, LLC
By: _____
Its: _____


Dated: _____

_____
Roy M. Brisbois
Eric Y. Kizirian
**LEWIS BRISBOIS BISGAARD & SMITH
LLP**
Attorneys for Defendant BMW of North
America, LLC


Dated: _____

_____
Defendant Agero Connected Services, Inc.
f/k/a ATX Group, Inc.
By: _____
Its: _____


Dated: _1-24-2012_

_____
Jeffrey J. Lokey
**GREENBERG TRAURIG LLP**
Attorneys for Defendant Agero Connected
Services, Inc. f/k/a ATX Group, Inc.

34

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

# If You Connected To The BMW Assist<sup>TM</sup> Program Between October 13, 2009 And February 1, 2011, You May Be Entitled To Benefits Under This Settlement.

**Please Read This Notice Carefully, As It Affects Your Legal Rights.**

*The United States District Court for the Central District of California authorized this notice.*
*This is not a solicitation from a lawyer.*

Under the terms of a proposed class action settlement, you may be entitled to receive benefits, as set forth in this notice, if you connected to BMW Assist<sup>TM</sup> between October 13, 2009 and February 1, 2011 and the BMW vehicle owner had a California billing addresses and was receiving benefits in the BMW Assist program.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you agree with the proposed settlement, you may elect to receive either a cash payment or a BMW Assist<sup>TM</sup> service benefit, as described herein. You must promptly take action as described in this notice. |
| **EXCLUDE YOURSELF** | You will not be entitled to participate in the settlement if you choose this option. |
| **OBJECT OR COMMENT** | Write to the Court about why you do, or do not, like the settlement. You must remain in the class to comment in support of or in opposition to the settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the settlement. |

1.      **THE LITIGATION:** The lawsuit was filed in October 2010.  The litigation is captioned *Skuro v. BMW of North America*, LLC, USDC Central District of California, Case No. 10-8672-GW (FFMx) (the "lawsuit").  It asserts claims against BMW of North America, LLC ("BMW") and its telematics services provider, Agero Connected Services, Inc. (formerly known as ATX Group, Inc.) ("ATX") for (1) Invasion of Privacy (Cal. Penal Code section 630 *et seq.*), (2) Negligence, (3) Violation of Common Law Right of Privacy, (4) Violation of California Business and Professions Code section 17200 *et seq.* ("UCL").  Plaintiff claims that BMW and ATX are liable under these claims because they allegedly recorded BMW Assist<sup>TM</sup> calls without first disclosing that a call may be monitored or recorded.

2.      **BMW'S AND ATX'S POSITION:**  BMW and ATX have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of the allegations and claims asserted in the lawsuit, including that calls to BMW Assist<sup>TM</sup> were recorded without proper disclosure or in violation of any law.  BMW and ATX have vigorously resisted the lawsuit's allegations and claims and have asserted and continue to assert defenses to those claims, on the grounds that, among other items, the BMW Assist subscription agreements and website provide express notice of and authorization for the recording and monitoring of calls.

3.      **NOTICE:** This notice is designed to inform members of the class of the pendency of the lawsuit and of the proposed settlement, and to describe your rights and options if you are a member of the class.

4.      **SETTLEMENT CLASS:** The District Court conditionally has certified a class that includes all Individuals who connected to BMW Assist™ program between October 13, 2009 and February 1, 2011 and the BMW vehicle owner was receiving benefits in the BMW Assist program with a California billing addresses ("**Class Members**").

> Class Members do not include:
> (1) BMW NA and ATX, their subsidiaries and affiliates, officers, directors, and employees;
> (2) all persons and/or entities claiming to be subrogated to the rights of Class Members;
> (3) individuals and/or entities who validly and timely opt-out of the Settlement;
> (4) Class Members who previously have released their claims against BMW NA or ATX with respect to the issues raised in the Litigation;
> (5) individuals or entities that have purchased and/or leased BMW vehicles with BMW Assist™ ("Class Vehicles") as "fleet" vehicles (*i.e.* authorized BMW Centers, rental companies, or entities that purchased BMW vehicles as company vehicles); and
> (6) the Judge(s) and/or  attorneys to whom the Litigation is or will be assigned.

To represent the above class for purposes of the settlement, the Court has appointed the named Plaintiff, Sean Skuro, to serve as the class representative, and has appointed his counsel to serve as Class Counsel:  Gaines & Gaines, APLC, Kenneth S. Gaines, Esq., Daniel F. Gaines, Esq., and Alex Katofsky, Esq., 21550 Oxnard Street, Suite 980, Woodland Hills, California 91367, Phone (818) 703-8985.

5.      **SETTLEMENT BENEFITS.**   The following description of the settlement benefits is qualified in its entirety by reference to the Settlement Agreement and Release, a copy of which is on file with the Court and available at www.XXXXXXX.com.  The following definitions apply to the summary below:

- **Service Benefit.**  "Service Benefit" means either a 6-month upgrade to the BMW Assist "convenience plan" (for Class Members who currently have a active basic safety plan on their BMW vehicle), or a 6-month extension to the BMW Assist basic safety plan (for Class Members who currently have an active basic Safety Plan on their BMW vehicle, or Class Members who have no BMW Assist Service on their Class Vehicle) (with costs of re-provisioning vehicle, if any, to be paid by claimant).  If the Service Benefit is selected, it may be transferred on a one time basis prior to the initiation of the service upgrade/extension under the Settlement to another car that has access to the BMW Assist program, provided the transfer is to a BMW vehicle within the same household, with claimant to be responsible for any costs related to re-provisioning the vehicle, if any.  The Service Benefit will be activated after the Effective Date, as defined below.

- **Non-Reversionary Fund.**    "Non-Reversionary Fund" means the fund to be established by BMW and ATX in the amount of $300,000, and which will be available to Class Members who decline or who do not have the option for the Service Benefit, and that will be used to pay claims by Class Members on a pro rata basis of up to $50 per Class Member, with any remaining amounts distributed to charity.

- **Effective Date.**  "Effective Date" shall mean the date thirty-one (31) days following the entry of the Final Approval Order, unless one or more appeals from the Final Approval Order are filed, in which case it shall mean the date on which all appeals from the Final Approval Order are finally decided, terminated, withdrawn or dismissed.. Updates on the Effective Date and other deadlines under the settlement will be posted on www.XXXXXXXXX.com.

- **Claim Period.**  "Claim Period" shall mean the sixty (60) days after notice is mailed to Class Members by the Claims Administrator, during which Class Members must file a claim to receive a payment from the Non-Reversionary Fund.  Claims for payment from the Non-Reversionary Fund will be paid thirty (30) days after the Effective Date.  The Claim Period expires on [60 days after notice is mailed].

## SUMMARY OF BENEFITS IF SETTLEMENT IS APPROVED

| | |
|---|---|
| **BENEFIT TO CLASS MEMBERS WHO OWN OR LEASE A BMW VEHICLE AS OF THE EFFECTIVE DATE AND HAVE THE BMW ASSIST SAFETY PLAN AS OF THE EFFECTIVE DATE** | Class Members in this category may select ONE of the following two benefits:<br><br>(1) Service Benefit in the form of either a 6-month upgrade to the BMW Assist "convenience plan" or a 6-month extension to the BMW Assist basic safety plan. To receive the Service Benefit, Class Members must enter into a Subscription Agreement Addendum no later than [last day of Enrollment Period]. The Service Benefit will be activated after the Effective Date. A Subscription Agreement Addendum may be obtained from www.XXXXXXXX.com.<br><br>OR<br><br>(2) Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the Claim Period. The Claim Period expires on [60 days after notice is mailed]. Claims for payment from the Non-Reversionary Fund will be paid thirty (30) days after the Effective Date. A claim form and instructions for submitting a claim are included with this notice. Additional claim forms may be obtained from www.XXXXXXX.com. |
| **BENEFIT TO CLASS MEMBERS WHO OWN OR LEASE A BMW VEHICLE AS OF THE EFFECTIVE DATE AND DO NOT HAVE BMW ASSIST SERVICES AS OF THE EFFECTIVE DATE** | Class Members in this category may select ONE of the following two benefits:<br><br>(1) Service Benefit in the form of 6- month enrollment in the BMW Assist basic safety plan (with costs of re-provisioning vehicle, if any, to be paid by claimant). To receive the Service Benefit, Class Members must enter into a Subscription Agreement Addendum no later than [last day of Enrollment Period]. The Service Benefit will be activated after the Effective Date. A Subscription Agreement Addendum may be obtained from www.XXXXXXXX.com.<br><br>OR<br><br>(2) Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the Claim Period. The Claim Period expires on [60 days after notice is mailed]. Claims for payment from the Non-Reversionary Fund will be paid thirty (30) days after the Effective Date. A claim form and instructions for submitting a claim are included with this notice. Additional claim forms may be obtained from www.XXXXXXX.com. |
| **BENEFIT TO CLASS MEMBERS WHO NO LONGER OWN OR LEASE A BMW VEHICLE AS OF THE EFFECTIVE DATE** | Class Members in this category may make a claim for the following benefit:<br><br>(1) Right to make a claim from the Non-Reversionary Fund for payment, on a pro rata basis, up to $50, at any time during the Claim Period. The Claim Period expires on [60 days after notice is mailed]. Claims for payment from the Non-Reversionary Fund will be paid thirty (30) days after the Effective Date. A claim form and instructions for submitting a claim are included with this notice. Additional claim forms may be obtained from www.XXXXXXX.com. |

6. **ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD:** To date, Class Counsel has not received any payment for their services in prosecuting the case, nor have they been reimbursed for any out-of-pocket costs. If the Court approves the proposed settlement, Class Counsel will apply to the Court for an award of attorneys' fees not to exceed $550,000 and reimbursement of their expenses not to exceed $15,000. Class Counsel also will apply to the Court for an incentive award to the named plaintiff in the amount of $10,000, for his initiative and effort in pursuing this litigation for the benefit of the class. Any award of attorneys' fees and expenses and any incentive awards will be paid by BMW and ATX and will not reduce the benefits available to you under the settlement. Under no circumstances will you be personally liable for attorneys' fees or expenses or the incentive award.

7. **RESULT IF COURT APPROVES SETTLEMENT:** If you fall within the class definition and remain in the class, and the settlement is approved, the Court will enter a judgment dismissing the lawsuit with prejudice, and releasing:

(1) BMW of North America LLC, BMW (US) Holding, Bayerische Motoren Werke Aktiengesellschaft (BMW AG), all BMW AG subsidiaries and related entities, BMW Financial Services, LLC and every entity involved in the design, development, manufacture, sale, lease or distribution of the Class Vehicles, and the foregoing entities' past and present officers, directors, employees, agents assigns, insurers, attorneys, shareholders, predecessors and successors in interest and all persons, agencies and entities acting by, through, under or in concert with any of them, and

(2) Agero Connected Services, Inc., formerly known as ATX Group, Inc., its past and present related and affiliated entities, parents, subsidiaries predecessors in interest and successors, and its and their respective past and present employees, assigns, agents, officers, directors, consultants, fiduciaries, representatives, insurers, partners, owners, attorneys, and all persons, agencies, and entities acting by, through, under or in concert with any of them,

from any and all known and unknown claims or causes of action that were, or could have been, asserted against them, based upon the facts and claims alleged in the Action (the "Released Claims").

8. **YOUR OPTIONS:** If you are a member of the class, you have the following options:

(a) **PARTICIPATE IN THE SETTLEMENT:** If you agree with the proposed Settlement, you may elect to receive a cash payment of up to $50, **OR** a BMW Assist™ service benefit, as described in the chart above.

    i. **TO MAKE A CLAIM TO RECEIVE A CASH PAYMENT:** To receive a cash payment, you must submit a Claim Form, postmarked to the Claims Administrator or submitted online, no later than [60 days after notice is mailed]. A Claim Form is included with this notice, or you may obtain a new one by visiting the settlement website at www.XXXXXXXX.com or by contacting the Claims Administrator, [claims administrator name], at [address], [phone].

    ii. **TO RECEIVE A SERVICE BENEFIT:** Alternatively, you may elect to receive an upgrade or extension to your BMW Assist™ service, as described in the chart above. This upgrade or extension is valued at approximately $100, based on pricing currently in effect for BMW Assist™. No claim form is necessary to obtain the service benefit, but you must submit a BMW Assist™ Subscription Agreement Addendum during the Enrollment Period. A Subscription Agreement Addendum must be postmarked to the Claims Administrator, or submitted online, no later than [150 days after notice is mailed]. A Subscription Agreement Addendum is included with this notice, or you may obtain a new one by visiting the settlement website at www.XXXXXXXX.com or by contacting the Claims Administrator, [claims administrator name], at [address], [phone].

If you wish to comment in favor of the Settlement, you may send your comment to Class Counsel: Gaines & Gaines, APLC, Kenneth S. Gaines, Esq., Daniel F. Gaines, Esq., and Alex Katofsky, Esq., 21550 Oxnard Street, Suite 980, Woodland Hills, California 91367.

(b) **REQUEST TO BE EXCLUDED:** If you do not wish to be a Class Member, then you must send a written notice of your request to exclude yourself from the Class, postmarked no later than [60 days after notice is mailed] to the Claims Administrator, Class Counsel and BMW's and ATX's counsel at the following addresses:

4

CLAIMS ADMINISTRATOR

[NAME]
[ADDRESS]

CLASS COUNSEL

Kenneth S. Gaines
Daniel F. Gaines
Alex P. Katofsky
**Gaines & Gaines, APLC**
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367

COUNSEL FOR BMW

Roy M. Brisbois
Eric Y. Kizirian
**Lewis Brisbois Bisgaard & Smith LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012

COUNSEL FOR ATX

Jeffrey J. Lokey
Karen Rosenthal
**Greenberg Traurig LLP**
1900 University Avenue, 5th Floor
East Palo Alto, California 94303

Your request must be signed by you, include your name and address, and specifically state that you request to be excluded from the Class in *Skuro v. BMW of North America, LLC, et al.*  If you validly and timely request exclusion from the class, (1) you will be excluded from the class; (2) you will not be entitled to any settlement benefits; (3) you will not be bound by the terms of the settlement, the judgment dismissing the lawsuit, or the release of claims provided by the settlement; and (4) you will not be entitled to object to the proposed settlement or be heard at the fairness hearing described in Paragraph 9 below.

(c)     **OBJECT TO THE SETTLEMENT:** If you are a member of the class and you do not request to be excluded, you may object to the terms of the settlement, to Class Counsel's request for attorneys' fees and expenses, or to the Class Representative's request for an incentive award. You may, but need not, enter an appearance through counsel of your choice, but you will be responsible for your own attorneys' fees and costs.

If you object to the settlement, you must, on or before _____: (1) file with the Clerk of the Court of United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012 and (2) serve upon **Gaines & Gaines, APLC**, Kenneth S. Gaines, Esq., Daniel F. Gaines, Esq., and Alex Katofsky, Esq., 21550 Oxnard Street, Suite 980, Woodland Hills, California 91367 (Class Counsel), **Lewis Brisbois Bisgaard & Smith LLP**, Roy M. Brisbois, Esq., 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012 (counsel for BMW NA), and **Greenberg Traurig**, Jeffrey J. Lokey, Esq., 1900 University Avenue, 5th Floor, East Palo Alto, California 94303 a written objection, that includes: (i) a reference to *Skuro v. BMW of North America*, LLC, USDC Central District of California, Case No. 10-8672-GW (FFMx)(C.D. Cal.); (ii) your full name, current address, and

5

current telephone number; (iii) the model year of the BMW vehicle you own/lease or have owned/leased, as well as the vehicle identification number (if applicable); (iv) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position; (v) copies of any other documents that you wish to submit in support of your position, and (vi) a detailed list of any other objections submitted either by you or your counsel (if any) to any class action settlements submitted in any court, whether state, federal or otherwise, in the United States in the previous five (5) years.

To retain your right to appeal from any provision of the order approving the Settlement as fair, reasonable and adequate, the award of an incentive award, or to the award of reasonable attorneys' fees and expenses paid by BMW and ATX and/or awarded to Class Counsel, you must file an objection. If you intend to appear at the fairness hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the fairness hearing. Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

9.      **FAIRNESS HEARING:** On _____, in Courtroom 10, Western Division Spring Street Courthouse, United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, the Honorable George H. Wu, United States District Judge, will hold a fairness hearing for the purpose of deciding (a) whether the settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive award for the named Plaintiff should be granted. The hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the class. You do not need to attend this hearing to remain a member of the class or participate in the settlement.

10.      **EXAMINATION OF PAPERS FILED IN THE CASE:** This notice is a summary and does not describe all details of the settlement. For full details of the matters discussed in this notice, you may wish to review the full Settlement Agreement and Release on file with the Court, and also available at the dedicated website of www.XXXXXXXXXX.com. A complete copy of the Settlement Agreement and Release and all other pleadings and papers filed in the lawsuit are also available for a fee at the United States District Court website, PACER, at www.pacer.gov, or for inspection and copying during regular business hours at the Records Public Window, United States District Court for the Central District of California, 312 N. Spring Street, Room G-8, Los Angeles, California 90012.

11.      **ADDITIONAL INFORMATION:** You can get more information by viewing the settlement website at www.XXXXXXXXXX.com, or contacting Class Counsel: Gaines & Gaines, APLC, Kenneth S. Gaines, Esq., Daniel F. Gaines, Esq., and Alex P. Katofsky, Esq., 21550 Oxnard Street, Suite 980, Woodland Hills, California 91367, (818) 703-8985, or via electronic mail: daniel@gaineslawfirm.com. Please include the reference *Skuro v. BMW of North America, et al.*

**PLEASE DO <u>NOT</u> CONTACT THE COURT WITH QUESTIONS
ABOUT THIS NOTICE.**

BY ORDER OF THE COURT


Dated: _____                           Clerk of the Court

# EXHIBIT 2

MUST BE
POSTMARKED NO LATER
THAN
_____*

*Skuro v. BMW of North America*, LLC,
Case No. 10-8672-GW (FFMx)
(United States District Court, Central District of California)

**CLAIM FORM FOR PAYMENT FROM NON-REVERSIONARY FUND**

You must complete and submit this form if you wish to receive payment from the Non-Reversionary Fund that has been established in conjunction with the settlement in the above-referenced action.  Claims for payment will be processed and mailed after the Effective Date of the Settlement Agreement, if it occurs.  By making a claim for payment from the Non-Reversionary Fund, you understand that:

(1) you will not be entitled to the Service Benefit available under the Settlement, and
(2) the amount of payment you receive will be a pro-rata share of the $300,000 fund that is established in conjunction with the settlement of the above-referenced case, and in any event, will not exceed $50.

To make a timely claim, please complete and submit this form, postmarked no later than _____, to:

Claims Administrator
NAME
ADDRESS
CITY, STATE, ZIP

*You may also submit a copy of this Claim Form online at:  www.XXXXXX.com*

*Please use black or blue ink.  Do not highlight with highlighter pens.*

*NOTE:  Please see the Settlement Agreement and/or Class Notice, available at www.XXXXX.com, for specific exclusions and conditions, and the definitions of any specific terms used herein.*

**A.      REGISTERED BMW VEHICLE OWNER/LESSEE INFORMATION**

Name: _____

Address: _____

_____

City, State, ZIP Code: _____

Telephone No. (day/evening): _____

Email Address: _____

**B.      INFORMATION ON CLASS VEHICLE**

Model & Model Year: _____

Vehicle Identification No. (17 characters): __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

Purchased:                    ☐ New                    ☐ Used

Leased:                              ☐New                    ☐Used

Date Vehicle Purchased/Leased:        _____

Date BMW Assist Activated (if known):  _____


**D.    VERIFICATION**

I declare under penalty of perjury that (1) I connected to the BMW Assist service between October 13, 2009 and February 1, 2011, (2) I have not "opted out" of the proposed settlement, and (3) have not otherwise made a claim for compensation or other relief under this Settlement or as part of a separate claim made against the Defendants for the alleged conduct that is the subject of the above-referenced lawsuit.


_____        _____/_____/_____
Signature                              Date

# EXHIBIT 3



# BMW Assist Subscriber Agreement Addendum

## PRIMARY SUBSCRIBER INFORMATION
**Please note on any changes to your contact information on the optional supplemental page to this Addendum**

| Title: | First Name | M.I. | Last Name | Suffix |
|---|---|---|---|---|

Company Name (if company vehicle)

| Address | | Apt # |
|---|---|---|

| City | State | ZIP |
|---|---|---|

| PM Phone | | | Ext. | AM Phone | | | Ext |
|---|---|---|---|---|---|---|---|
| Cell Phone | | | Ext. | Other Phone | | | Ext |

E-Mail Address

## VEHICLE INFORMATION

| Make: BMW | Model | Model Year | Vehicle Color |
|---|---|---|---|

Vehicle Identification Number (VIN)

## BMW ASSIST CURRENT SUBSCRIPTION INFORMATION

| Services Plan(s): | Expiration Date: |
|---|---|

## SERVICE BENEFIT SELECTIONS (SELECT ONE)

| _____SIX MONTH SAFETY PLAN EXTENSION. YOUR CURRENT BMW ASSIST SUBSCRIPTION WILL BE EXTENDED FOR A PERIOD OF SIX MONTHS AFTER THE EXPIRATION DATE INDICATED ABOVE. | _____SIX MONTH CONVENIENCE PLAN UPGRADE. YOU MUST HAVE AN ACTIVE SAFETY PLAN SUBSCRIPTION TO RECEIVE THE CONVENIENCE PLAN UPGRADE.  CONVENIENCE PLAN UPGRADE BEGINS _____. |
|---|---|

**ALTERNATE BMW VEHICLE TO RECEIVE BENEFIT (PROVIDE VIN):**

**SAFETY PLAN INCLUDES:**

<u>Automatic Collision Notification</u>: In the event of a severe accident, your BMW Assist system will transmit your vehicle's location and crash information to a response specialist, who will then speak to you to determine if you are okay. Even if you are unable to respond, we will request dispatch of emergency services to your location.

<u>Emergency Request</u>: In an emergency, just push the SOS button to transmit your location and vehicle information. A response specialist will speak with you to determine your needs. For example, you can request police, fire or medical assistance or get directions to the nearest hospital.

<u>Enhanced Roadside Assistance</u>: If you experience a flat tire, run out of gas, or have a vehicle malfunction, the Roadside Assistance or Wrench button connects you with our response center. Your BMW also transmits your location, so we can quickly and accurately dispatch help.

<u>MyInfo</u>: MyInfo allows you to send business listings and street addresses with associated phone numbers from the internet (i.e., Google Maps) directly to your navigation system equipped BMW (MY xxxxxx and newer, except X3).

<u>Stolen Vehicle Recovery</u>: If your BMW is ever stolen, call BMW Assist toll-free at (888) 333-6118 immediately after filing your police report. We then help the police locate your vehicle. (MY xxxx and newer)

<u>Service Request (TeleService)</u>: Service needs are transmitted to your BMW center automatically or manually. A BMW service advisor then calls to schedule a service appointment (MY xxxxxx and newer, except X3).

<u>Door Unlock</u>: Call BMW Assist toll-free at (888) 333-6118 and provide your name and password to request the driver's door be unlocked (MY xxxxxx and newer).

**CONVENIENCE PLAN INCLUDES:**

<u>Directions, Traffic & Weather</u> and <u>Concierge</u>: Push your SOS or Concierge button to receive directions to an address or point of interest, traffic info, and/or the weather forecast locally or at your destination. A response specialist can provide recommendations on hotels, restaurants, parking garages, airline gates and arrival times, fuel pricing and availability, and much more. Destinations can be transferred to your navigation system for immediate route guidance or to your Bluetooth® phone for convenient calling after pushing your Concierge button (MY xxxx and newer except X3).

<u>BMW Search</u>: Access Google MapsTM Business Search within your vehicle to find your desired destination and export it to your BMW navigation system or Bluetooth phone. Also view fuel prices, stock indices  and weather forecasts.  Available on 2009 and later Z4, 1, 3 and 7 Series and 2010 and later X5, X6, 5 and 6 Series equipped with the BMW Navigation system.

<u>Critical Calling</u>: Push your SOS or Concierge button to make up to 3 operator-assisted calls per year, 5 minutes each, if you don't have your cell phone or its battery is discharged

## SUBSCRIBER'S SIGNATURE (Required)

*I have carefully read both pages of this Addendum and agree to its terms. I understand that this Addendum modifies and amends my Subscription Agreement referenced above, but that except as specified in this Addendum, the terms and conditions of my Subscription Agreement remain in full force and effect.  I agree that this Addendum may be signed, delivered and retained in electronic form.*

Subscriber Signature _____   Date: _____

This is an addendum ("Addendum") to the BMW Assist Subscriber Agreement referenced on the prior page of this document between you and BMW of North America, LLC ("BMW"), governing the provision of BMW Assist Services to your vehicle ("Subscriber Agreement"). This Addendum modifies and amends the Terms and Conditions of your Subscriber Agreement. All capitalized terms not otherwise defined in this Addendum have the same meaning give to them in the Subscriber Agreement. EXCEPT AS MODIFIED BY THIS ADDENDUM, ALL OTHER TERMS AND CONDITIONS OF YOUR SUBSCRIBER AGREEMENT REMAIN IN FULL FORCE AND EFFECT AND YOU HEREBY REAFFIRM YOUR AGREEMENT TO THOSE TERMS AND CONDITIONS.

**1.** You have been identified as a class member in the lawsuit entitled Skuro v. BMW of North America, LLC, ATX Group, Inc., et. al., USDC Case No. CV 10-8672-GW (FFMx). As a class member you were entitled to choose between different remedies in satisfaction of your claims, if any, against BMW and its BMW Assist Services provider, Agero Connected Services, Inc. (formerly ATX Group, Inc.). As a result of your chosen remedy, you are entitled to receive a service benefit consisting of either: (a) a six month extension of your BMW Assist Safety and Security Plan Services ("Safety Plan Extension"); or (b) a six month upgrade to the BMW Assist Convenience Plan ("Convenience Plan Upgrade"). Your selection is noted on the front page of this Addendum. If elected by you in your claim form, you may transfer the service benefit to another BMW Assist-equipped vehicle in your household, but you are responsible for any costs associated with the provisioning of your BMW to receive the service benefit.

**2.** If you chose the Safety Plan Extension, your six (6) month extension of Services will begin on the day following the Expiration Date indicated on the first page of this Addendum and will expire six (6) months thereafter. Upon expiration of your Safety Plan Extension, we will automatically renew your BMW Assist Services if we have a valid form of payment on file, in accordance with the terms of your Subscriber Agreement.

**3.** You must have a current Safety and Security Plan subscription in order to choose the Convenience Plan Upgrade. If you chose the Convenience Plan Upgrade, your Convenience Plan services will begin on _____ and will expire (6) months thereafter, unless you elect to continue to subscribe to the Convenience Plan at the then applicable subscription rate. You can find out the applicable subscription rate by contacting us at _____.

**4.** In order to provide the BMW Assist Services to you we may record and monitor your conversations with the BMW Response Center, whether such conversations occur in your vehicle through the BMW Assist system, or via a landline or mobile telephone. **YOU HEREBY CONSENT FOR YOURSELF AND ON BEHALF OF ALL PERSONS WHO DRIVE OR RIDE IN YOUR BMW, USE THE ASSIST SERVICES UNDER YOUR SUBSCRIPTION OR CONTACT BMW REGARDING YOUR VEHICLE, YOUR BMW ASSIST SERVICES OR YOUR ACCOUNT, TO THE RECORDING AND MONITORING OF SUCH CONVERSATIONS.** Your consent in this section 4 is intended to be ongoing and applies to any and all conversations between the BMW Response Center or Service Providers and you or the occupants of your vehicle or any person contacting BMW or the Service Providers on your behalf and applies whether or not a verbal notification of such recording and monitoring is given at the initiation of the conversation.

**5.** Please indicate any changes to your subscriber contact information on the optional supplemental page to this Addendum.

**6.** Except as modified by this Addendum, all other Terms and Conditions of your Subscriber Agreement remain in full force and effect and you hereby reaffirm your agreement to those terms and conditions.

**OPTIONAL SUPPLEMENTAL PAGE TO SUBSCRIBER AGREEMENT ADDENDUM**

| | | | | |
|---|---|---|---|---|
| **SUBSCRIBER INFORMATION UPDATE**<br>**PLEASE INDICATE ANY CHANGES FROM YOUR PRE-PRINTED INFORMATION IN THE BOXES BELOW EACH FIELD** | | | | |

| First Name | M.I. | Last Name | | Suffix |
|---|---|---|---|---|
| Changes: | | | | |

| Company Name (if company vehicle) |
|---|
| Changes: |

| Address | | Apt # |
|---|---|---|
| Changes: | | |

| City | State | ZIP |
|---|---|---|
| Changes: | | |

| PM Phone | Ext. | | AM Phone | | | Ext | |
|---|---|---|---|---|---|---|---|
| Changes | | | Changes | | | | |
| Cell Phone | Ext. | | Other Phone | | | Ext | |
| Changes | | | Changes | | | | |

| E-Mail Address |
|---|
| Changes: |

# EXHIBIT 4

REMINDER NOTICE


Dear [Class Member Name]:

You were previously given notice of the settlement of the class action titled *Skuro v. BMW of North America, et. al.*, United States District Court case number CV10-8672-GW.

Be advised that the Court has granted final approval of the settlement.  If you have timely submitted a BMW Assist subscription agreement addendum, you are entitled to an upgrade or extension to your BMW Assist service, which will commence as early as [service start date].

[To be inserted only if the Enrollment Period is ongoing at time of mailing:]  In order to receive the BMW Assist service benefit, you must submit a BMW Assist subscription agreement addendum no later than [last day of Enrollment Period].

For more information, and for a copy of the subscription agreement addendum, please visit the settlement website at [www.XXXXXXXX.com] or contact [Claims Administrator name], the Claims Administrator, at [claims administrator phone number].