# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SEAN SKURO, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, ATX Group, Inc., a Texas corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: CV 10-8672-GW(FFMx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: March 8, 2012<br>TIME: 8:30 A.M.<br>COURTROOM: 10<br>JUDGE: Hon. George H. Wu |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

On February 23, 2012 and March 8, 2012, the Court, the Honorable George H. Wu presiding, conducted hearings regarding the motion brought by Plaintiff Sean Skuro ("Class Representative") for Preliminary Approval of Class Action Settlement. The parties appeared by and through their respective counsel of record.

After considering the papers and the arguments of counsel, including the amended class notice, the declaration submitted by the proposed settlement administrator Gilardi & Co., LLC, and the Supplemental Declaration of Daniel F. Gaines, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement and Release ("Settlement Agreement") unless a different definition is set forth in this Order.

2. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below, and thus hereby:

(a) conditionally certifies for purposes of implementing the Settlement Agreement only the Class consisting of all individuals who connected to BMW Assist between October 13, 2009 and February 1, 2011 through BMW Assist subscription accounts with California billing addresses, but excluding (1) BMW NA and ATX, their subsidiaries and affiliates, officers, directors, and employees, (2) all persons and/or entities claiming to be subrogated to the rights of Class Members, (3) individuals and/or entities who validly and timely opt-out of the Settlement, (4) Class Members who previously have released their claims against BMW NA or ATX with respect to the issues raised in the Litigation, (5) individuals

or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (*i.e.* authorized BMW Centers, rental companies, or entities that purchased BMW vehicles as company vehicles), and (6) the Judge(s) and/or attorneys to whom the Litigation is or will be assigned;

(b) appoints Plaintiff Sean Skuro as the representative of the Class; and

(c) appoints Kenneth S. Gaines, Daniel F. Gaines, and Alex P. Katofsky of Gaines & Gaines, APLC as attorneys for the Class for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

3. A hearing (the "Final Fairness and Approval Hearing") shall be held on August 27, 2012, at 8:30 a.m. before the Honorable George H. Wu, in Courtroom 10 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs and Plaintiff's application for a service payment. The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

4. The Court approves, as to form and content, the amended Class Notice attached hereto as Exhibit 1, the Claim Form attached to the Settlement Agreement as Exhibit 2, and the amended Reminder Notice attached hereto as Exhibit 2. The Court finds that distribution of the Class Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of

Civil Procedure, the Constitution of the United States, and any other applicable laws. The Class Notice set forth herein and in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

5. The Court approves the selection of Gilardi & Co., LLC to be the Claims Administrator. The Claims Administrator will administer the applicable provisions of the Settlement Agreement, including, but not limited to, distributing and providing the Class Notice, receiving and examining claims, calculating claims against the Non-Reversionary Fund, preparing and issuing all disbursements to Class Members, and accepting and processing Subscription Agreement Addendums.

6. No later than sixty (60) days after the date of this Order, the Claims Administrator shall mail the Class Notice to Class Members.

7. Any person may request to be excluded from the Class by mailing a letter, by first class mail, return receipt requested, to the Claims Administrator as provided in the Class Notice. Any such request will be timely only if postmarked no later than sixty (60) days after the Class Notice is initially mailed to Class Members

8. In order to make a claim from the Non-Reversionary Fund, Class Members must submit a Claim Form to the Claims Administrator, such that it is postmarked or submitted online no later than sixty (60) days after the Class Notice is initially mailed to Class Members.

9. In order to obtain a service benefit, Class Members must submit a Subscription Agreement Addendum to the Claims Administrator, such that it is

postmarked or submitted online no later than sixty (60) days after the Class Notice is initially mailed to Class Members.

10. Class Counsel shall file a motion for final approval of settlement no later than one hundred thirty-four (134) days after the date of this Order. Any request by Class Counsel for an award of attorneys' fees or reimbursement of expenses, or for a service payment to the Class Representative, shall be filed concurrently, and those requests shall be accompanied by supporting evidence.

11. Any Class Members may object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to Class Counsel and the service payment to be paid to the Class Representative. Any such objection will be timely only if filed with the Court and served upon Class Counsel, Defense Counsel, and the Claims Administrator, as provided in the Class Notice and the Settlement Agreement, no later than one hundred forty-eight (148) days after the date of this Order.

12. Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to Class Counsel or the award of a service payment to the Class Representative. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the service payment to the Class Representative, unless that Class Member has filed and served written objections in the manner set forth in the Class Notice. The Parties may file any response to the objections submitted by objecting Class Members, if any, no later than ten (10) days after deadline to submit objections.

13. Any settlement Class Member who does not make his or her objection(s) in the manner so provided herein and in the Class Notice shall be

4

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, the award of attorneys' fees and reimbursement of expenses to counsel, and the service payment to the Class Representative, and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court. Any Class Member who submits an objection which the Court subsequently overrules shall have ten (10) days from the date of entry of the Order overruling the objection to submit a request for exclusion from the settlement.

14. The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: March 12, 2012

_____
GEORGE H. WU, U.S. District Judge

5
**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**